UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
MADISON STOCK TRANSFER, INC.                    ORDER

              Plaintiff,                      CV 06-3926
       -against-                              (Wexler, J.)

NETCO INVESTMENTS, INC.
MARCO CHAVARRIA

             Defendants.
--------------------------------------------------------X

APPEARANCES:

    MARSHALL SCHICTMAN & ASSOCIATES.
    BY: MARSHALL SCHICTMAN, ESQ.
    Attorneys for Plaintiff
    One Old Country Road, Suite 498
    Carle Place, NY 11514

    SCOTT R. COHEN, ESQ.
    Attorney for Defendant NetCo Investments, Inc.
    One Old Country Road,
    Carle Place, NY 11514

    MARCO CHAVARRIA
    Defendant Pro Se
    Apartado 3124-1000
    San Jose
    Costa Rica

WEXLER, District Judge

    Presently before the court is the motion of Defendant Marco Chavarria to disqualify Marshall Schictman, Esq. from representing Plaintiff Madison Stock Transfer, Inc.

    The standards for the granting of a motion to disqualify counsel are well settled. An attorney will be disqualified from representing a client where: (1) the party seeking disqualification is a former client of the attorney sought to be disqualified; (2) there exists a

1

substantial relationship between the subject matter of the pending case and counsel's prior representation of the client, and (3) the attorney sought to be disqualified had access, or was likely to have access, to relevant privileged information in the course of his prior representation of the moving client. Evans v. Artek Sys. Corp., 715 F.2d 788, 791 (2d Cir. 1983); see Guerrilla Girls, Inc. v. Kaz, 2004 WL 2238510 * 1 (S.D.N.Y. 2004); Arifi v. de Transport Du Cocher, Inc., 290 F. Supp.2d 344, 349 (E.D.N.Y. 2003).[1]

The importance of preserving client confidences requires that all doubts be resolved in favor of disqualification. Wieme v. Eastman Kodak Co., 2004 WL 2271401 *2 (S.D.N.Y. 2004); Arifi, 290 F. Supp.2d at 349. Nonetheless, because disqualification interferes with a party's right to chose counsel, and motions to disqualify are often interposed for tactical reasons, the Second Circuit disfavors such motions. Evans, 715 F.2d at 791-92; King v. Fox, 2005 WL 741760 *2 (S.D.N.Y. 2005); Matthews v. LeBoeuf, Lamb, Greene & Macrae, 902 F. Supp. 26, 28 (S.D.N.Y. 1995) (citation omitted). Accordingly, motions to disqualify are subject to a high burden of proof. Evans, 715 F.2d at 791; Gov't. of India v. Cook Indus., 569 F.2d 737, 739 (2d Cir. 1978); Guerrilla Girls, 2004 WL 2238510 * 1; Arifi, 290 F. Supp.2d at 349; Cleverly Minded Limited v. Anthony Sicari Apparel Group Indus., Inc., 2003 WL 161317 *2 (S.D.N.Y. 2003).

The appearance of impropriety, standing alone, is insufficient to grant a motion to disqualify. United States Football League v. National Football League, 605 F. Supp. 1448, 1452

---

[1] While federal law governs this matter, Arifi, 290 F. Supp.2d at 348, the New York Rules, as well as the ABA Rules of Professional Conduct and the ABA Model Code of Professional Responsibility provide important guidance. See Blue Planet Software, Inc. v. Games Internat'l., LLC, 331 F. Supp.2d 273, 275 (S.D.N.Y. 2004); Arifi, 290 F. Supp.2d at 348.

(S.D.N.Y. 1985) (hereinafter "USFL"); see Peacock Holdings, Inc. v. Massachusetts Mut. Life Ins. Co., 1996 WL 285435 *8 (E.D.N.Y. 1996) (courts should be "quite hesitant" to disqualify on this ground) (citation omitted). Instead, the issue is whether there is a "real risk that the trial will be tainted." Id.; King, 2005 WL 741760 *8; In re Polaroid ERISA Litig., 354 F. Supp.2d 494, 497 (S.D.N.Y. 2005). Speculation regarding the divulging of client confidences will not suffice to grant a motion to disqualify. Peacock Holdings,, 1996 WL 285435 at *8.

The submissions of the parties indicate isolated limited representation by Mr. Schictman of one of the Defendants to this interpleader action in an unrelated matter. Moreover, there was never any simultaneous representation of the parties hereto. Additionally, the fact that this is an interpleader action, brought by Plaintiff to adjudicate the right to issue shares of stock militates against a finding of any conflict of interest.

In light of the submissions of the parties and the standards referred to above, the motion to disqualify counsel is denied.

SO ORDERED.

/s/
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       March 30, 2007