```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
MADISON STOCK TRANSFER, INC.,
                        Plaintiff,
                        Counter-defendant                ORDER
                                                         CV 06-3926 (LDW)(WDW)
        -against-

NETCO INVESTMENTS, INC.,
MARCO CHAVARRIA,
RODRIGO CALDERON ARAYA,
                        Defendant(s)-Counter-claimants,
                        Cross-defendants

        -and-

AJW PARTNERS, LLC, NEW MILLENIUM
CAPITAL PARTNERS II, LLC, AJW OFFSHORE, LTD.,
and AJW QUALIFIED PARTNERS, INC.,

                        Intervenors-Defendants, Counter-
                        claimants, Counter-defendants.
----------------------------------------------------------------------X
```
**WALL, Magistrate Judge:**

Before the court is a motion by defendant Marco Chavarria to stay discovery. See DE [68] Mr. Chavarria argues that either all discovery should be stayed or no discovery should be stayed, but that partial discovery regarding his counterclaims against the intervenors should not be allowed. Also before the court is a proposed Scheduling Order DE [89]. For the reasons set forth below, the motion to stay is denied and a Scheduling Order entered.

## BACKGROUND

This action was initiated on August 15, 2006, with the filing of a summons and complaint. On that same date, the court issued an order granting the plaintiffs' motion for a preliminary injunction to the extent that a stay on the issuance of new stock was entered. DE[4]. On August 23, 2006, defendant Netco Investments removed an action that was pending in the Court of Common Pleas in Allegheny County, Pennsylvania. DE[7]. Several motions by Mr.

Chavarria, who is appearing pro se, followed, including a Motion to Disqualify Scott R. Cohen and Marshal D. Shichtman as counsel (DE[8]), a motion to remand the action to Allegheny County, Pennsylvania (DE[13]), a motion for summary judgment (DE[19]), and a motion to excuse Chavarria's attendance at a conference scheduled before Judge Wexler on September 6, 2006 (DE[28]). On September 15, a motion to intervene was filed. DE[36] & [37]. Chavarria subsequently filed a motion for Rule 11 sanctions against the plaintiff. DE[54] &[56]. Judge Wexler denied the motion to disqualify counsel[1] [61], the motion to remand [13], the motion for summary judgment [19] and the Rule 11 motion [54].

On April 12, 2007, the undersigned entered an order scheduling an initial conference for May 15, 2007. DE[62]. Chavarria apparently wrote a letter to Judge Wexler dated May 9, 2007, asking that the initial conference be adjourned, although a copy of that letter does not appear in the docket. Both the plaintiff and the intervenor-defendants, who were served with copies of the letter, objected to any adjournment and further objected to Chavarria's statement that he could not appear in person for the conference because he lives in Costa Rica and could not get the proper travel documents in time. See DE[66] & [67]. Chavarria then filed the motion to stay discovery that is now before the court. Given the numerous issues raised the motion to stay and the documents filed by the other parties, the undersigned adjourned the initial conference from May 15 to June 1, allowing Chavarria to appear by phone. The court also directed Chavarria to file with the court, under seal, a copy of his Costa Rican national identity card, which he had offered

---

[1] On September 20, 2006, Scott Cohen, who represented defendant Netco Investments and who was one of the subjects of the motion to disqualify, moved to withdraw as counsel. DE[43]. That motion was granted by the undersigned on February 15, 2007, with a warning to the corporate defendant, Netco, that it must obtain new counsel within 20 days or risk a default judgment. DE[53]. No new counsel has appeared as of the date of this order.

to do in his motion papers.

On May 14, Rodrigo Calderon Araya moved to intervene as a defendant and for notice to all shareholders of pendency of this action. DE[70]. Subsequently, Chavarria moved to dismiss for lack of jurisdiction (DE[69], counsel for the plaintiff, Marshal Shichtman, moved to adjourn the June 1 conference to June 5, on consent of the other parties (DE [71]), and the intervenor defendants requested permission to file a motion to dismiss Chavarria's counterclaims against them (DE[72]). The motion to adjourn was granted, the intervenor defendants filed a proposed scheduling order (DE[89]) and Chavarria submitted his Costa Rican identity card under seal.

By letter dated May 18, 2007 but not electronically filed until June 14, 2007 (DE[90]), the intervenors- defendants asked the court to modify its order allowing Chavarria to appear by phone for the June 5 conference, instead requiring him to appear in person. The raised questions about Chavarria's true identity, stating that they "have strong evidence that Chavarria is an *alter ego* for U.S. resident, citizen and convicted felon, Keith Maydak, who is trying to frustrate discovery of his deception by avoiding a personal appearance." DE[90] at 1. Chavarria had, in an earlier letter to the court, claimed that he could not appear in person because of the difficulty of obtaining a visa from Costa Rica that would allow travel to the United States. DE[68]

The conference was held on June 5. Chavarria did call in to participate in the conference, but the call was inadvertently disconnected and he was not able to call back in time to participate. Counsel for those parties represented by counsel appeared in person. The court has, since the conference, considered Chavarria's motion and the proposed Scheduling Order DE[89], which sets forth the parties' varying views on discovery and makes the following rulings. Chavarria's motion to stay all discovery is denied. The court will, on the date of this order enter a Scheduling Order governing discovery. The dates set forth in that order are also listed below, along with

additional deadlines and rulings:

(1) Rule 26 (a) disclosures are to be made by all parties no later than **August 24, 2007.**

(2) Fact discovery will proceed on all claims and counterclaims and must be completed by **March 4, 2008.** In allowing broad discovery, the court has considered the various parties' positions on limiting discovery as set forth in the proposed order, and has determined that the best course is to allow discovery without prior limits. The parties are, of course, free to seek whatever protective orders the law may allow if and when a specific situation arises.

This ruling applies to discovery on Mr. Chavarria's identity as well as to his counterclaims against the intervenor defendants. In regard to the identity issue, the court notes that it will give Mr. Chavarria until **August 8, 2007** to file a motion seeking to keep his Costa Rican identity card under seal. The other parties will have until **August 22, 2007** to oppose the motion if it is made, and Chavarria will have until **August 29, 2007** to file a reply. If Mr. Chavarria chooses not to file a motion, the court will unseal the identity card.

(3) The court will not limit discovery in the areas set forth by Mr. Chavarria in paragraph 4. The court adopts the parties' approach to the inadvertent production of material set forth in paragraph 5, and the maximum number of interrogatories set forth in paragraph 7. The number of depositions will be addressed as needed as discovery progresses. The parties are urged to meet and confer on the issue of whether Chavarria can provide electronic discovery in Concordance load file format and what alternatives would be acceptable if he cannot do so.

(4) Motions to amend or add parties must be filed by **December 18, 2007.**

(5) The process for making dispositive motions must be started by **March 18, 2008.**

(6) Expert discovery, if any, must be completed by **March 4, 2008.**

(7) The details regarding Mr. Araya's deposition will be determined as the need arises, as will the depositions of any non-parties, including those listed in paragraph 14.

The court must address one further issue. Mr. Chavarria is put on notice that he must, at some point sooner rather than later, appear in person in regard to this action. The court accepts his statements that the process for obtaining a visa that will allow entry into the United States from Costa Rica takes sixty days from the date that a biometric enabled passport is issued. It is unclear whether he already has a passport and needs only the visa, or if he needs both documents. He is ordered to begin the process of obtaining such a passport and visa immediately upon receipt of this order if he has not already done so, and to file and serve a written statement, no later than **August 10, 2007**, outlining the precise steps that must be taken and the progress he has made in obtaining his documents, along with a date by which he will have obtained it. He must include documentary support for his assertions and must also include a photocopy of his current passport, whether it is a biometric passport or not.

A copy of this order will be mailed to Chavarria and also emailed to him at netco@onebox.com an address for service that he has provided to the other parties.

Dated: Central Islip, New York  **SO ORDERED:**
July 25, 2007

/s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge

5