UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
MADISON STOCK TRANSFER, INC.,

       Plaintiff,
       Counter-defendant   **ORDER**
                 CV 06-3926 (LDW)(WDW)

   -against-

NETCO INVESTMENTS, INC.,
MARCO CHAVARRIA,
RODRIGO CALDERON ARAYA,

       Defendant(s)-Counter-claimants,
       Cross-defendants

   -and-

AJW PARTNERS, LLC, NEW MILLENIUM
CAPITAL PARTNERS II, LLC, AJW OFFSHORE, LTD.,
and AJW QUALIFIED PARTNERS, INC.,

       Intervenors-Defendants, Counter-
       claimants, Counter-defendants.
----------------------------------------------------------------------X

**WALL, Magistrate Judge:**

The Cedula Issue:

  Before the court is a motion by defendant Marco Chavarria to keep the copy of his cedula, a Costa Rican identity card, under seal. DE [95, 96] The motion is opposed by Madison Stock Transfer, Inc. DE[97] and the Intervenor-Defendants DE[98]. The motion is granted in part and denied in part. The cedula will be kept under seal, but a copy, with Chavarria's identity number redacted, will be released to the attorneys for the other parties under a protective order to be agreed to by the parties.

  The court had earlier directed Chavarria to file with the court, under seal, a copy of his Costa Rican national identity card. He did so, and the other parties sought to have it unsealed, inasmuch as Chavarria's identity has been raised as an issue in this matter. In an order dated July 25, 2007 (DE[93]), we gave Mr. Chavarria until August 8, 2007 to file a motion seeking to keep

his Costa Rican identity card under seal. He did so. The court has reviewed the papers and determines that, because Chavarria's identity has become an issue of significance in this lawsuit, the cedula is relevant as discovery. Nonetheless, inasmuch as the identity number on the cedula is private information, it should be protected as much as possible and it must be redacted from any copies of the cedula made available to counsel. The parties are directed to draft a protective order with regard to the redacted cedula and the use to which it will be put.

The court notes that counsel for the intervenors-defendants, the Olshan firm, stated that it was able to obtain a copy of the unredacted cedula from the Pacer system on July 5, the day it was docketed under seal. The court has explored the question of how this happened, and finds that it apparently was the result of an internal mistake in the sequence of docketing, and was not caused by any improper actions on Olshan's part. The court regrets this unfortunate error, but notes Olshan's assurance that it has not furnished a copy of the unredacted cedula to its clients or to anyone else. Olshan is directed to destroy all copies of the unredacted cedula upon receipt of this order and to file and serve an affidavit attesting to that destruction.

This order is stayed until Chavarria has an opportunity to timely appeal it to Judge Wexler, that is, within ten days of its filing. The proposed protective order must be submitted within two weeks of Judge Wexler's ruling on any appeal, if he sustains this order. If Judge Wexler reverses the order allowing limited release of the cedula, a protective order will, of course, be unnecessary.

The Passport Issue:

In the earlier order, Chavarria was directed to begin the process of obtaining a new passport and visa immediately upon receipt of the order and "to file and serve a written statement, no later than August 10, 2007, outlining the precise steps that must be taken and the progress he has made in obtaining his documents, along with a date by which he will have obtained it. He

must include documentary support for his assertions and must also include a photocopy of his current passport, whether it is a biometric passport or not." He has failed to comply with this order. Although he did submit a letter dated August 25, stating that he has "arranged for an appointment with *Banco de Costa Rica* for October 31, 2007 to acquire a passport," he has not detailed the other information ordered by the court, and he has not submitted a copy of his current passport, under seal, as he was ordered to do. No appeal was taken from that order, and it must be complied with immediately upon receipt of this order by submission of the required documents.

A copy of this order will be mailed to Chavarria and also emailed to him at [netco@onebox.com](mailto:netco@onebox.com), an address for service that he has provided to the other parties.

Dated: Central Islip, New York　　　　　　**SO ORDERED:**
　　　　September 6, 2007

　　　　　　　　　　　　　　　　　　　　　/s/ William D. Wall
　　　　　　　　　　　　　　　　　　　　WILLIAM D. WALL
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge