UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MADISON STOCK TRANSFER, INC.

                Plaintiff,

-against-

NETCO INVESTMENTS, INC.
MARCO CHAVARRIA, AJW
PARTNERS, LLC, NEW MILLENIUM
CAPITAL PARTNERS II, LLC, AJW
OFFSHORE, LTD. And AJW QUALIFIED
PARTNERS, LLC.,

                Defendants.
----------------------------------------------------------X

MEMORANDUM AND ORDER

CV 06-3926
(Wexler, J.)

APPEARANCES:

    MARSHALL SCHICTMAN & ASSOCIATES.
    BY: MARSHALL SCHICTMAN, ESQ.
    Attorneys for Plaintiff
    One Old Country Road, Suite 498
    Carle Place, NY 11514

    SCOTT R. COHEN, ESQ.
    Attorney for Defendant NetCo Investments, Inc.
    One Old Country Road,
    Carle Place, NY 11514

    MARCO CHAVARRIA
    Defendant Pro Se
    Apartado 3124-1000
    San Jose
    Costa Rica

    OLSHAN GRUNDMAN FROME ROSENZWEIG & WOLOSKY LLP
    BY: HERBERT C. ROSS, ESQ.
    Attorneys for Interveners/Defendants

AJW Partners, LLC, New Millenium Capital Partners, LLP
AJW Offshore, Ltd., and Qualified Partners, LLC
65 East 55th Street
New York, New York 10022

WEXLER, District Judge

This is an interpleader action commenced pursuant to 28 U.S.C. §1335, by Plaintiff Madison Stock Transfer, Inc. ("Madison"). In a memorandum and order dated September 19, 2007, this court denied the motion of Defendant Marco Chavarria ("Chavarria") for summary judgment. Presently before the court is Chavarria's appeal of an order of Magistrate Judge Wall dated July 25, 2007 (the "July 25 Order").

Pursuant to Rule 72 of the Federal Rules of Civil Procedure this court shall modify or set aside any part of the order appealed from that is "clearly erroneous or contrary to law." FRCP 72(a). For the reasons set forth below, this court holds that the order appealed from should be affirmed.

## DISCUSSION

The July 25 Order made certain rulings regarding the confidentiality of Chavarria's Costa Rican identity documents. Noting that Magistrate Judge Wall has alleviated his concerns regarding privacy, Chavarria does not object to the substance of the order. Rather, Chavarria argues that discovery cannot continue because, as argued in his summary judgment motion, the case is moot. In view of the fact that this court's decision denying Chavarria's motion for summary judgment holds, specifically, that this case is not moot, the court rejects this argument.

In addition to mootness, Chavarria's appeal also raises two additional issues. First,

2

Chavarria argues that this court lacks jurisdiction because of improper removal. This argument characterizes this action as being "removed" from Pennsylvania state court. Chavarria's argument, however, misconstrues the basis for federal jurisdiction. Removal is not the basis for jurisdiction. Instead, this is an action commenced pursuant to the Federal interpleader statute, 28 U.S.C. § 1335. While the Pennsylvania judgment may be considered when deciding the merits of this case, it is not the basis for federal jurisdiction. Accordingly, the court rejects the argument that it lacks jurisdiction because this is an improperly "removed" action.[1]

Chavarria's final argument is a restatement of his objection to this court's earlier order, pursuant to Rule 24 of the Federal Rules of Civil Procedure, allowing the intervention of intervenor defendants AJW Partners, LLC, New Millenium Capital Partners, LLP, AJW Offshore, Ltd., and Qualified Partners, LLC. In light of the fact that this court has previously ruled that intervention by these entities is appropriate, Chavarria may not now object to the discovery order on the ground that intervention was not proper. Accordingly, this argument is not a proper basis for appeal of the July 25 Order.

## CONCLUSION

The objections to the July 25, 2007 order of Magistrate Judge Wall are hereby overruled and the order is affirmed. The Clerk of the Court is direction to terminate the appeal. In light of the fact that Chavarria appears to argue that a motion for remand or dismissal on the ground of

---

[1] Chavarria appears to argue that a motion for remand or dismissal on the ground of improper removal is pending. To the extent that any such motion has been made, the court rules herein that this argument is without merit and any such motion is denied.

improper removal is pending, and the court has ruled herein that this argument is without merit, the Clerk of the Court is further directed to terminate any docketed motion seeking remand.

SO ORDERED.

/s/ Leonard D. Wexler
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
September 25, 2007