UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MADISON STOCK TRANSFER, INC.    MEMORANDUM AND
                                ORDER

                      Plaintiff,    CV 06-3926
              -against-    (Wexler, J.)

NETCO INVESTMENTS, INC.
MARCO CHAVARRIA, AJW
PARTNERS, LLC, NEW MILLENIUM
CAPITAL PARTNERS II, LLC, AJW
OFFSHORE, LTD. And AJW QUALIFIED
PARTNERS, LLC.,

                      Defendants.
-----------------------------------------------------------X

APPEARANCES:

    MARSHALL SCHICTMAN & ASSOCIATES.
    BY: MARSHALL SCHICTMAN, ESQ.
    Attorneys for Plaintiff
    One Old Country Road, Suite 498
    Carle Place, NY 11514

    SCOTT R. COHEN, ESQ.
    Attorney for Defendant NetCo Investments, Inc.
    One Old Country Road,
    Carle Place, NY 11514

    MARCO CHAVARRIA
    Defendant Pro Se
    Apartado 3124-1000
    San Jose
    Costa Rica

    OLSHAN GRUNDMAN FROME ROSENZWEIG & WOLOSKY LLP
    BY: HERBERT C. ROSS, ESQ.
    Attorneys for Interveners/Defendants

AJW Partners, LLC, New Millenium Capital Partners, LLP
AJW Offshore, Ltd., and Qualified Partners, LLC
65 East 55th Street
New York, New York 10022

Rodrigo Calderon
Proposed Intervenor
Apartado 599-1250
Escazu, San Jose
Costa Rica

WEXLER, District Judge

This is an interpleader action commenced pursuant to 28 U.S.C. §1335, by Plaintiff Madison Stock Transfer, Inc. ("Madison"). Madison commenced this action due to uncertainty regarding instructions with respect to the transfer of shares of the Defendant Company NetCo Investments, Inc. ("NetCo"). Also named as a Defendant out the outset was an individual, Marco Chavarria. This court later granted a motion to intervene brought by AJW Partners, LLC, New Millenium Capital Patners, LLP, AJW Offshore, Ltd., and Qualified Partners, LLC., (collectively the "Intervenor Defendants").

Presently before the court is a motion by Rodrigo Calderon Araya ("Araya"), pursuant to Rule 24 of the Federal Rules of Civil Procedure, to intervene. That motion is opposed by both Madison and the Intervenor Defendants. In addition to seeking intervention, Araya's seeks an order requiring Madison and the Intervenor Defendants to send notice of this action to all NetCo shareholders. For the reasons that follow, the motions are denied.

## DISCUSSION

I. Standard For Motions To Intervene

Motions to intervene are governed by Rule 24 of the Federal Rules of Civil Procedure. Intervention as of right is provided for in Rule 24(a). Rule 24(a) intervention applies when the proposed intervenor makes the timely claim of "an interest relating to the property or transaction which is the subject of the action and intervenor is so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest." Fed. R. Civ. P. 24(a)(2).[1] In order to intervene as of right, an applicant must: "(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." New York News, Inc. v. Kheel, 972 F.2d. 482, 485 (2d Cir. 1992). The application may be denied where the proposed intervenor fails to satisfy any one of these requirements. Id.

An interest in property that is sufficient to support intervention as of right exists where the proposed intervenor possesses an interest that is "direct, substantial, and legally protectable." Kheel, 972 F.2d at 486. The burden of proving that the existing parties to the action cannot adequately represent the rights of the proposed intervenor lies with that party. See United States Postal Service v. Brennan, 579 F.2d 188, 191 (2d Cir. 1978). Additionally, where the proposed intervenor shares the same interest with an existing party, there is a presumption of adequate

---

[1] Rule 24(a)(1), which is not at issue here, provides when intervention is claimed as an unconditional statutory right. See Fed. R. Civ. P. 24(a)(1).

representation. Id. When the interests of the proposed intervenor are similar to those of a party, adequacy of representation is "assured." Brennan v. New York City Bd of Educ., 260 F.3d 123, 132 (2d Cir. 2001). The determination as to adequacy of representation lies within the discretion of this court. Kheel, 972 F.2d. at 485; Postal Service, 579 F.2d at 191.

Permissive intervention is governed by Rule 24(b) and applies when the proposed intervenor makes the timely argument that his claim shares common questions of fact or law with those at issue in the main action. Fed. R. Civ P. 24(b)(2).[2] Like intervention as of right, a district court determining the merits of a permissive intervention motion considers the adequacy of representation by existing parties. Postal Service, 579 F.2d at 191-92. Other important factors include the issue of whether intervention will delay the action, whether the party seeking intervention will contribute to the full factual development of the issues and to the "just and equitable adjudication of the legal questions presented." Id. (citation omitted). The determination of all issues regarding permissive intervention lie wholly within the discretion of the district court. Id. at 192.

## II. Araya's Motion

Araya's motion to intervene is based upon his claim of a financial interest in a company known as "Privada, Inc.," ("Privada"), which he states is the same company as Defendant NetCo. He further states that he "may be" the president of Privada. The interest sought to be protected is Araya's alleged rights as a NetCo shareholder. In addition to intervention, Araya seeks an order

---

[2]   Like Rule 24(a)(1), Rule 24(b)(1) applies only when the claim for intervention is made pursuant to statute. Rule 24(b)(1) applies where there is a conditional statutory right of intervention. Fed. R. Civ. P. 24(b)(1).

4

requiring Madison and the Intervenor Defendants to provide notice of this action to all NetCo shareholders.

## III. Disposition of the Motion

This motion to intervene is not Araya's first appearance in this lawsuit. Instead, Araya has been involved in this action for over one year. In August of 2006, Araya submitted his first affidavit in support of applications brought by Defendant Chavarria. Two affidavits were offered in support of Chavarria in September of 2006, and Araya submitted his fourth supporting affidavit in February of 2007. Not surprisingly, Araya's interests mirror those of Chavarria. Both Araya and Chavarria seek to enforce the terms of the cognovit note that supports Chavarria's claim to control of NetCo. Araya alleges the same factual bases in support of his claims as Chavarria.

The history of this litigation makes clear that the interests of Chavarria and Araya are the same. Despite having the burden to do so, Araya makes no argument in support of the notion that Chavarria has suddenly become unable to represent the interests alleged by both Chavarria and Araya. The failure to show the inadequacy of Chavarria is fatal to the claim of intervention as of right as well as the claim of permissive intervention. See Postal Service, 579 F.2d at 191-92.

Araya's claim for intervention also fails because it is untimely. Araya makes no excuse for his failure to wait approximately one year after his initial involvement in this litigation and after a trial date has been set, to seek intervention. Moreover, Araya's claim of interest is weak. Madison and the Intervenor Defendants have produced documents indicating that Araya owns a

single share in the Defendant company. That share is currently valued at approximately $1.75. Araya's claims to be an officer of NetCo is supported only by the declaration that he "may" be the company's president.

Araya's delay in bringing the motion to intervene, the vague nature of his interest and the failure to show the inadequacy of the representation of the party who he has assisted throughout this litigation leads this court to exercise its jurisdiction to deny the motion to intervene.

As to the request to order Plaintiff and the Intervenor Defendants to give notice of this action to all shareholders of NetCo, the court notes that Araya states no right to request any such action. In light of this fact and the denial of intervention, the court denies the request to require Madison and the Intervenor Defendants to provide notice to shareholders.

## CONCLUSION

Accordingly, Araya's motion for intervention and to require notice to shareholders is denied. The Clerk of the Court is directed to terminate the motions.

SO ORDERED.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
September 27, 2007