UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MADISON STOCK TRANSFER, INC.                MEMORANDUM AND
                                            ORDER

                    Plaintiff,    CV 06-3926
          -against-                 (Wexler, J.)

NETCO INVESTMENTS, INC.
MARCO CHAVARRIA, AJW
PARTNERS, LLC, NEW MILLENIUM
CAPITAL PARTNERS II, LLC, AJW
OFFSHORE, LTD. And AJW QUALIFIED
PARTNERS, LLC.,

                  Defendants.
----------------------------------------------------------X

APPEARANCES:

    MARSHALL SCHICTMAN & ASSOCIATES.
    BY: MARSHALL SCHICTMAN, ESQ.
    Attorneys for Plaintiff
    One Old Country Road, Suite 498
    Carle Place, NY 11514

    SCOTT R. COHEN, ESQ.
    Attorney for Defendant NetCo Investments, Inc.
    One Old Country Road,
    Carle Place, NY 11514

    MARCO CHAVARRIA
    Defendant Pro Se
    Apartado 3124-1000
    San Jose, Costa Rica

    Bellaza Corp.
    Apartado 10199-1000

1

San Jose, Costa Rica[1]

OLSHAN GRUNDMAN FROME ROSENZWEIG & WOLOSKY LLP
BY: HERBERT C. ROSS, ESQ.
Attorneys for Interveners/Defendants
AJW Partners, LLC, New Millenium Capital Partners, LLP
AJW Offshore, Ltd., and Qualified Partners, LLC
65 East 55th Street
New York, New York 10022

WEXLER, District Judge

This is an interpleader action commenced pursuant to 28 U.S.C. §1335, by Plaintiff Madison Stock Transfer, Inc. ("Madison"). Presently before the court is Chavarria's appeal of a Report and Recommendation of Magistrate Judge Wall dated December 18, 2008 (the R&R").

The R&R recommends that a default judgment be entered against Chavarria on the Intervenor-Defendants' cross-claim against him and that Chavarria's counterclaim against them be dismissed. In the R&R, Magistrate Judge Wall describes in great detail the conduct of Mr. Chavarria in connection with this litigation. The Magistrate Judge's decision, which is annexed hereto, sets forth Chavarria's complete disregard for the Magistrate Judge's discovery orders. Among other things, Mr. Chavarria has failed to comply with orders to respond to discovery and pay sanctions. Most importantly, Mr. Chavarria failed to comply with orders requiring that he appear for deposition, or indeed, appear in person at all, in this litigation. Despite the Magistrate Judge's continuing indulgence of Chavarria's requests for additional time in which to obtain

---

[1] The court lists two addresses here for Mr. Chavarria. The first address is listed as his address of record and the second is the return address printed on the envelope that contained Chavarria's objections to the report and recommendation that is before the court. The court will mail copies of this opinion to both addresses.

2

proper documentation that would allow him to enter this country, Chavarria continued to disregard court orders. Chavarria's conduct ultimately left Magistrate Judge Wall with no choice but to issue the recommendations set forth above.

When reviewing a Magistrate Judge's report, a district judge must make a de novo determination with respect to those parts of the R & R to which any party objects. The district court may then "accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b); 28 U.S.C. §636(b); See also United States v. Raddatz, 447 U.S. 667, 673-76 (1980).

Upon review of the December 18 R&R, and the submission of Mr. Chavarria, which makes no explanation regarding his failure to comply with Magistrate Judge Wall's orders, the court adopts the R&R in its entirety, as set forth below. Accordingly, the Clerk of the Court is directed to enter a judgment of default against Chavarria on the Intervenor-Defendants' cross-claim against him and to dismiss Chavarria's counterclaim against them. The Clerk of the Court is further directed to terminate the appeal. The parties remaining to this litigation are directed to submit letters to this court, within two weeks of the date of this order, outlining the issues that remain in this case and the impact of this order on the determination of those issues.

SO ORDERED.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
April 21, 2009

3

# REPORT AND RECOMMENDATION

**WILLIAM D. WALL, United States Magistrate Judge:**

Before the undersigned is a motion by the Intervenors-Defendants seeking the recommendation of entry of default against pro se party Marco Chavarria, dismissing his counter claims against the Intervenors-Defendants and entering judgment in their favor on their cross-claim against him. DE[129]. For the reasons set forth herein, the undersigned recommends that the motion be granted.

The movants clearly set forth the procedural history relevant to their motion, which reflects Mr. Chavarria's persistent disregard for this court's orders and requirements. They reference the undersigned's order of 1/28/08 (DE[117]), which compelled Chavarria to serve responses to interrogatories by 2/15/08, to pay the Intervenors-Defendants $300 by February 29, 2008, and to appear for a deposition by the Intervenors-Defendants no later than 2/29/08. That order was affirmed by the District Court. DE[126]. Chavarria has failed to comply with any of the requirements in the order. The order of 1/28/08 order expressly warned Chavarria that his failure to comply could result in a recommendation that a default judgment be entered against him and his counterclaims dismissed. DE[117] at 2.

Chavarria's failure to comply with the 1/28 order is not his first such failure. He has persisted in a claim that he had no passport or visa and thus could not travel to this country for his deposition or court appearances, without providing any proof of that claim. In an order dated 7/25/07, the undersigned put Chavarria on notice that he must at some point appear in person in regard to this action. DE[93] at 5. For the purposes of the motions before the court at that time, I accepted his representation that it would take him 60 days to get a visa and a biometric passport.

4

He was ordered to begin the process immediately and to file a written statement, no later than 8/10/07, detailing the process of his application. He was also ordered to provide documentary support for his assertions and a photocopy of his current passport. *Id.* He did file an untimely letter dated 8/25/07, but it did not comply with the directives of the order. *See* DE[101].

On 9/6/07, the undersigned entered an order deciding a motion by Chavarria to keep the copy of his cedula under seal. DE[100]. The order also addressed the passport issue, noting that Chavarria had failed to comply with or appeal the 7/25 order. He was ordered again to comply with it. In response, he filed a letter, dated 9/10/07, vaguely stating that he had applied for a passport, but there were delays, and also stating that his appeals of the 7/25/07 order had been submitted but never docketed by the court. DE[104] He stated that he would notify the court of his visa status. The District Judge later affirmed the 7/25 order. DE[106].

On 10/31/07, the undesigned entered an order granting a motion by the Intervenors-Defendants for a protective order. DE[113]. The court also addressed the open issue of the passport, recounting the history of that issue and noting that he was in default. He was ordered to submit papers to the court, under seal, by November 12, 2007, including an affidavit. Instead of complying with that order, Chavarria appealed it on 11/19/07. DE[114]. On 12/03/07, the court received a letter from Chavarria dated 11/9/07 saying only that he had not yet received his passport and could not comply with the court's order. DE[115]. He ignored the detailed requirements that the court had set forth in the order.

On 1/7/08, the Intervenors-Defendants made the motion to compel that led to the 1/28/08 order regarding discovery. DE[116]. The court emailed a copy of that order to Chavarria at an address that had been successfully used prior to that time, but notice was received that

5

transmission was unsuccessful, so the court mailed a copy to his address of record. DE[118]. On 2/1/08, after the undersigned had already decided the motion to compel, Chavarria moved for an extension of time. DE[119]. On 2/1/08, the motion was denied as moot. DE[120]. In the order denying the motion, the court noted irregularities in the dates of mailings and found some of Chavarria's claims to lack credulity. DE[120] at 2. As noted earlier, Chavarria filed objections to the 1/28 order, but it was affirmed. On 3/11/08, the copy of the order of 1/28 mailed to Chavarria at his address of record was returned as undeliverable. DE[127]. One wonders how he was able to obtain a copy of the order so as to appeal it, the court having received notification that both its email and hard copy mail were returned as undeliverable. On 3/17/08, a notice of interlocutory appeal by Chavarria was docketed, and on 3/26/08, the Intervenors-Defendants filed the instant motion. In light of the appeal, on 3/31/08, the undersigned adjourned without date a pretrial conference scheduled for 4/1/08 and put off deciding the motion for entry of a default judgment.

The appeal was dismissed as of 9/29/08, with the mandate entered on the docket on 10/8/08. On 11/13/08, the undersigned entered an order noting the dismissal of the appeal and giving Chavarria an opportunity to enter opposition to the pending motion for default by 12/9/08. DE[131]. The order expressly stated that failure to comply would result in the recommendation of the relief sought in the motion. The Intervenors-Defendants were directed to serve a copy of that order on Chavarria, and to file proof of service with the court. They did so, but Chavarria has not responded.

Thus, the court now recommends that a default judgment be entered against Chavarria on the Intervenor-Defendants' crossclaim and that his counterclaim against them be dismissed. This

relief is warranted under Rule 37(b)(2), failure to comply with the court's discovery orders, Rule 37(d), failure to appear for a deposition, and Rule 41(b), involuntary dismissal based on the party's failure to comply with court orders.

Rule 37 provides a range of sanctions for failure to comply with a court order including, *inter alia,* dismissal and entry of default. Fed. R. Civ. P. 37 (b)(2)(A)(v)&(vi). Here, the court ordered Chavarria to comply with the Intervenor-Defendants' discovery demands or face dismissal/ default and he failed to comply with that order. It is well settled that "discovery orders are meant to be followed" and failure to do so may result in a dispositive sanction. *Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 853 (2d Cir. 1995). Rule 37 sanctions have three objectives: to "ensure that a party will not benefit from its own failure to comply," to serve as a specific deterrent to obtain compliance with a specific order, and to "serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault." *Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988). The decision of whether to impose sanctions is left to the sound discretion of the court. *See National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 642 (1976)(per curiam). Here, the undersigned finds that Chavarria's failures warrant a recommendation of dismissal under Rule 37.

The claims should also be dismissed pursuant to Rule 41. Rule 41(b) gives the district court power to dismiss a complaint "for failure to comply with a court order, treating noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995). Here, Chavarria not only failed to comply with the court's order of 1/28/08, but with the numerous orders regarding his passport as well and has not opposed the instant motion.

In making this recommendation, the court notes that it finds Chavarria's various claims in regard to his passport/visa to be entirely incredible, made only to evade the reach of the court and to deceive the court and the other parties. He gets his mail promptly when it is convenient for him to do so, but fails to receive it when it is inconvenient.

## OBJECTIONS

A copy of this Report and Recommendation is being sent to counsel registered for ECF notice by electronic filing on the date below. A copy of it will be mailed to the pro se Marco Chavarria at his address of record. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 10 days. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).